# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                                    Plaintiff,<br><br>v.<br><br>RHONDA RANSOM,<br><br>                                    Defendant. | Case No.:  3:12-CR-5112-DMS<br><br>**ORDER DENYING MOTION FOR SENTENCE MODIFICATION UNDER 18 U.S.C. § 3582(C)** |

Pending before the Court is Defendant Rhonda Ransom's *pro se* motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i).[1]  The United States filed a response in opposition.  For the following reasons, the Court denies Defendant's motion.

In general, a court may not modify a sentence of incarceration once it has been imposed, unless expressly permitted by statute or Rule 35 of the Federal Rules of Criminal Procedure.  *United States v. Penna*, 319 F.3d 509, 511 (9th Cir. 2003).  The First Step Act ("FSA") is such a statute.  *See* Pub L. 115-391, 132 Stat. 5194, 5239 (2018).  Among the criminal justice reforms implemented by the FSA, Congress amended 18 U.S.C.

---

[1] Defendant cites her respiratory problems, age, obesity, and the number of COVID-19 cases in her facility as grounds for compassionate release.  (ECF No. 44.)

§ 3582(c)(1)(A) to allow the defendant to move the district court for compassionate release after exhausting the Bureau of Prison ("BOP") process.

Section 3582(c) of Title 18 of the United States Code provides that a court may not modify a term of imprisonment except "upon motion of Director of the Bureau of Prisons, or upon motion of the defendant." A defendant may bring a § 3582(c) motion after she has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons" to act or "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Administrative exhaustion is a prerequisite to filing the motion in district court, and "[e]xhaustion occurs when the BOP denies a defendant's application or lets thirty days pass without responding to it." *United States v. Mondaca*, No. 89-cr-0655-DMS, 2020 WL 1029024, at *2 (S.D. Cal. Mar. 3, 2020) (internal quotation marks and citations omitted). Thereafter, the Court may consider the applicable standards set forth in § 3553(a) and determine whether "extraordinary and compelling reasons" warrant a sentence reduction consistent with "applicable policy statements issued by the Sentencing Commission."

Here, there is no indication that Defendant previously petitioned the BOP for compassionate release, nor does she offer any explanation for a failure to do so. The United States appears to assume the exhaustion requirement has been met, but does not explicitly concede it. Courts are split on whether the First Step Act's administrative exhaustion requirement is jurisdictional. *Compare United States v. Otero*, No. 17CR879-JAH, 2020 WL 1912216, at *4 (S.D. Cal. Apr. 20, 2020) ("[F]ailure to exhaust administrative remedies is fatal to a compassionate release petition.") (collecting cases), *with United States v. Solis*, No. 18-CR-2494-GPC, 2020 WL 5909570, at *2 (S.D. Cal. Oct. 6, 2020) (waiving exhaustion requirement in compassionate release context). However, even if the requirement is non-jurisdictional, the statutory language is clear, and Defendant has not suggested that any exception applies. *See* 18 U.S.C. § 3582(c)(1)(a) ("The court may not modify a term of imprisonment once it has been imposed [unless] the defendant has fully

exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request . . . .").

Accordingly, Defendant must file a request with BOP, and wait 30 days from the receipt of such a request, before the Court can address the merits of her motion.  For these reasons, Defendant's motion is respectfully denied.  If Defendant wishes to refile her motion, she may do so after exhausting her administrative remedies.

**IT IS SO ORDERED.**

Dated:  February 27, 2021

Hon. Dana M. Sabraw, Chief Judge
United States District Court

3:12-CR-5112-DMS